Clarence J. **HERRON**

v.

David **MATHEWS**, Secretary of Health, Education and Welfare.

Civ. A. No. 75–0456.

United States District Court,
W. D. Virginia,
Abingdon Division.

Dec. 10, 1975.

W. Hobart Robinson, Smith, Robinson & Vinyard, Abingdon, Va., for plaintiff.

Paul R. Thomson, Jr., U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff brings this action seeking review of the final decision of the Secretary of Health, Education and Welfare denying plaintiff the establishment of a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). The issue raised by plaintiff, at this time, is whether there is "good cause" to justify remanding the case to the Secretary for further development.

In the administrative proceedings below, an Administrative Law Judge considered the evidence and rendered an opinion denying plaintiff's entitlement to benefits. The Social Security Administration's Appeals Council subsequently reconsidered plaintiff's claim and adopted the Law Judge's opinion which became the final decision of the Secretary. During the period between the administrative hearing and the issuance of the Law Judge's opinion, the Secretary requested plaintiff to undergo additional medical evaluations which were soon thereafter conducted by Dr. Paul van Lith. The Law Judge relied heavily on the findings of Dr. van Lith in his opinion. During the period between the issuance of the Law Judge's opinion and the final action of the Appeals Council, plaintiff's attorney submitted interrogatories to be answered by Dr. van Lith. (TR 9). The administrative record contains no indication that the interrogatories were answered, let alone considered by the Appeals Council.

Even the most basic due process standards require that plaintiff be provided with relevant information, if he has made timely written request. The court notes that, given the circumstances of this case, the information requested by plaintiff could have had a bearing on the weight to be given to Dr. van Lith's observations. The Appeals Council, under normal procedure, should have assisted plaintiff in securing the responses as requested. If the Appeals Council considered the request improper, plaintiff should have been informed as to the reasons for denial. Certainly, the issuance of a final decision prior to the satisfactory resolution of this matter constitutes an administrative oversight which cannot be accepted by this court.

Upon a showing of "good cause," the court orders this case remanded to the Secretary for further development. The Secretary is directed to provide plaintiff an adequate response to the request for answers to interrogatories. If additional relevant information is secured, the Secretary will re-evaluate plaintiff's claim accordingly.